United States District Court
Southern District of Texas
**ENTERED**
October 19, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA BUSCH, SPN #01962382, a/k/a JOSHUA MARK BUSCH, a/k/a JOSHUA BUSH, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. H-22-3295 |
| MARIO MANCUSCO, | § § § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Harris County pretrial detainee proceeding *pro se* and seeking leave to proceed *in forma pauperis*, filed a lawsuit under 42 U.S.C. § 1983 against the complainant in his pending criminal case.

Having screened plaintiff's complaint under 28 U.S.C. § 1915(e)(2), the Court **DISMISSES** this lawsuit for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Plaintiff is in Harris County pretrial detention awaiting trial on felony charges for aggravated assault with a deadly weapon. He claims that the complainant in the criminal case, Mario Mancusco, filed a false police report against him, defamed his character, and harassed and wrongfully imprisoned him. He seeks unspecified injunctive and declaratory relief, and monetary damages.

## II. ANALYSIS

The Court is required by federal law to scrutinize plaintiff's complaint and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) (providing that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief").

To raise a viable claim for relief under section 1983, a plaintiff must plead factual allegations sufficient to show that the defendant acted "under color" of state law. 42 U.S.C. § 1983. Only state actors may be sued for federal civil rights violations. A private citizen, like the defendant in this case, becomes a state actor only when his conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The phrase "fairly attributable to the State" means that (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.*, at 937.

That the defendant may have provided information to the police does not make him a state actor for purposes of section 1983 liability. *See Daniel v. Ferguson*, 839 F.2d 1124,

2

1130 (5th Cir. 1988) (holding that a private citizen who provides information to police is not a state actor); *Pleasant v. Carraway*, 25 F.3d 1044, 1994 WL 261217, *1 (5th Cir. 1994) (per curiam) ("A private individual complainant in a criminal prosecution does not act under color of law," even if the police relied upon the individual's sworn complaint in arresting and charging the plaintiff).

Plaintiff in this instance does not plead any factual allegations establishing Mancusco as a state actor for purposes of this lawsuit. Plaintiff's factual allegations raise no issue of a constitutional dimension under section 1983, and no viable claim for relief is pleaded.

Plaintiff's claims under section 1983 are **DISMISSED WITHOUT PREJUDICE** as frivolous and for failure to state a viable claim for relief under section 1983.

*Supplemental Jurisdiction*

Although the Court may have supplemental jurisdiction under 28 U.S.C. § 1367 over any state law claims plaintiff raised against Mancusco, the Court declines to exercise supplemental jurisdiction here because the claims that permitted original jurisdiction have been dismissed. *See* 28 U.S.C. § 1367(c)(3) (providing that a court may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it has original jurisdiction). Any state law claims raised against Mancusco are **DISMISSED WITHOUT PREJUDICE** to being pursued in state court.

## III. CONCLUSION

For the above reasons, plaintiff's section 1983 claims are **DISMISSED WITHOUT PREJUDICE** as frivolous and for failure to state a viable claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**. Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a strike for purposes of 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on _____OCT 1 7 2022_____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE